**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                                                                                        **16-CR-106V**

                -v-
**BEVERLY RIYASHI,**

                **Defendant.**
_____

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Beverly Riyashi ("the defendant"), has filed a motion wherein she seeks suppression of her statements as evidence at trial. In support of this motion, the defendant filed an affidavit sworn to February 16, 2017 wherein she claims that basically she was coerced into signing a waiver of her rights to remain silent and to have an attorney to speak to. Dkt. #11. The government filed a response in opposition to this motion. Dkt. #12. This Court held an evidentiary hearing on the issues raised in defendant's motion and affidavit on April 17, 2017 and a transcript of the hearing was filed on June 7, 2017. Dkt. #20. Post-hearing memoranda were filed by the government and the defendant on June 23 and 30, 2017, respectively. Dkt. #s 21, 22. The matter was then taken under advisement by this Court.

## **FACTS**[1]

S.A. Mark Reimann of Homeland Security Investigations ("HSI") testified that information was received from a confidential informant ("CI") indicating that the defendant "was involved in a series of marriage frauds." T. p. 5. Based on further HSI investigation, a criminal complaint and arrest warrant were issued by this Court on May 13, 2013 wherein the defendant was charged with having violated Title 8 U.S.C. § 1324. 13-MJ-75, Dkt. #1. On August 27, 2013, HSI agents requested the assistance of New York State Police ("NYSP") in executing the arrest warrant for the arrest of the defendant. T. pp. 5-6. The defendant was arrested at her residence in Lackawanna, New York in the early morning hours of August 27, 2013. Because the defendant was believed to be in a large scale marriage fraud ring, HSI did not want to jeopardize its ongoing investigation of other individuals "by showing up to her residence in several unmarked police cars" and thus the reason for having the NYSP make the arrest" since "no one would think it would be an immigration matter." T. pp. 5-6.

After the defendant was arrested by the NYSP, she was transported to the New York State Police Thruway barracks in Cheektowaga, New York where she was met by S.A. Reimann and other law enforcement personnel. T. pp. 6-7. S.A. Reimann introduced himself to the defendant and "indicated to [her] that there was an active arrest warrant for her" and he "explained the basis for [her] arrest." T. pp. 8, 24.

---

[1] The facts are taken from the transcript of the evidentiary hearing and references to that transcript are indicated by T followed by the appropriate page number(s).

Before asking any questions of the defendant, S.A. Reimann gave a written "Statement of Rights" form (Government Exhibit 1) to the defendant and explained those rights to the defendant. He also explained the "Waiver" provision contained in the "Statement of Rights" to the defendant. The defendant verbally acknowledged that she understood her rights as contained in the "Statement of Rights" and also verbally acknowledged that she understood the "Waiver" provision set forth in the "Statement of Rights" (Government Exhibit 1). T. pp. 10-12. After acknowledging that she understood her rights, the defendant agreed to waive those rights and signed the WAIVER contained in Government Exhibit 1. The defendant never indicated that she had any problems with understanding the English language. T. pp. 11-12. After the defendant signed the "Waiver" of her rights (Government Exhibit 1) in the presence of S.A. Reimann and Lieutenant James Koch, they signed the "Waiver" as witnesses to the defendant's signature. (Government Exhibit 1). T. p. 11.

At no time during the interview of the defendant at the NYSP Thruway barracks on August 27, 2013 did S.A. Reimann or any other law enforcement officer "make any threats toward the defendant" in order to have her sign the "Waiver" of her rights; nor did the defendant ask to speak to an attorney. T. pp. 15-16.

After the defendant signed the "Waiver" of her rights (Government Exhibit 1), she indicated a willingness to cooperate with the agents in their investigation of the marriage fraud ring. T. p. 14. As a result, she was presented with a written "Waiver of Rights Under Rule 5(a) of the Federal Rules of Criminal Procedure" by S.A. Reimann.

3

(Government Exhibit 2). T. p. 13. S.A. Reimann reviewed Government Exhibit 2 with the defendant by reading it to her and then observed the defendant read the document and she indicated she understood her right to be taken before a magistrate judge and the waiver of such right. The defendant then signed Government Exhibit 2 in the presence of S.A. Reimann and Lieutenant Koch, who then signed the document as witnesses to the defendant's signature. T. pp. 13-14. The defendant was then interviewed by S.A. Reimann for approximately one hour, and during this time period no threats or force were employed towards the defendant; nor did the defendant ask to have the interview terminated. She never asked to speak with an attorney during this interview process. T. pp. 14-16. The defendant was "pretty agreeable" and "explained her quote, unquote husband at the time" and "provided information about other individuals that were involved with marriage fraud under the same facilitator based in Lackawanna, New York." T. p. 23.

## DISCUSSION AND ANALYSIS

The only witness presented at the evidentiary hearing held by this Court on April 17, 2017 was S.A. Reimann and the only tangible evidence produced at said hearing were Government Exhibits 1 and 2. The defendant did not testify and did not present any other evidence on her behalf. Instead, she relies on her allegations contained in her affidavit sworn to February 16, 2017. (*See* defendant's post-hearing memorandum, Dkt. #22).

The United States Supreme Court has expressly stated:

> Echoing the standard first articulated in Johnson v Jerbst, 304 US 458, 464, 82 L Ed 1461, 58 S Ct 1019, 146 ALR 357 (1938), Miranda holds that "[t]he defendant may waive effectuation" of the rights conveyed in the warnings "provided the waiver is made voluntarily, knowingly and intelligently." 384 US, at 444, 475, 16 L Ed 2d 694, 86 S Ct 1602, 10 Ohio Misc 9, 36 Ohio Ops 2d 237, 10 ALR3d 974. The inquiry has two distinct dimensions. Edwards v. Arizona, supra, at 482, 68 L Ed 2d 378, 101 S Ct 1880; Brewer v Williams, 430 US 387, 404, 51 L Ed 2d 424, 97 S Ct 1232 (1977). First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the "totality of the circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived. Fare v Michael C., 442 US 707, 725, 61 : Ed 2d 197, 99 S Ct 2560 (1979). See also North Carolina v Butler, 441 US 369, 374-375, 60 L Ed 2d 286, 99 s Ct 1755 (1979).

*Moran v. Burbine*, 475 U.S. 412, 421 (1986); *see also United States v. Jaswal*, 47 F.3d 539, 542 (2d Cir. 1995).

The government has "the burden of demonstrating by a preponderance of the evidence that the defendant waived [her] constitutional rights." *United States v. Lynch*, 92 F.3d 62, 65 (2d Cir. 1996); *United States v. Anderson*, 929 F.2d 96, 99 (2d Cir. 1991). S.A. Reimann testified as to the format that was followed in giving the *Miranda* warnings and advice of rights to the defendant on August 27, 2013 and the defendant's voluntary execution of the waiver of her rights as reflected in her signed waiver of August 27, 2013, *i.e.*, Government Exhibit 1. This testimony given at the

5

evidentiary hearing conducted by this Court on April 17, 2017 is uncontradicted in the hearing record.  *See* Dkt. #20.  Thus it is a matter for this Court to determine whether S.A. Reimann was credible in his testimony since the credibility of the witnesses is a question for the judge who heard them.  *United States v. Miley*, 513 F.2d 1191, 1201 (2d Cir.), *cert. denied*, 423 U.S. 842 (1975); *United States v. Fernandez*, 456 F.2d 638, 640 (2d Cir. 1972).  I find that S.A. Reimann was a most credible witness having observed his demeanor during his testimony.  As a result, I find that the defendant was properly given *Miranda* warnings and advice of rights as established in Government Exhibit 1 singed by her and that she knowingly and voluntarily waiver her rights and consented to the interview of August 27, 2013 as testified to by S.A. Reimann.  I also find that the defendant waived her right to be taken before a magistrate judge pursuant to Rule 5(a) of the Fed. R. Crim. P. as reflected in the waiver signed by her, to wit, Government Exhibit 2.  The defendant has failed to produce any evidence to support her claim that she was threatened or coerced into waiving her rights or that she did not understand the effect of signing Government Exhibits 1 and 2.  Therefore, it is recommended that the defendant's motion to suppress all statements made by her in the interview with S.A. Reimann on August 27, 2013 be denied.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report,**

**Recommendation and Order), may result in the District Judge's refusal to consider the objection.**


DATED:     July 17, 2017
           Buffalo, New York


                                        _S/ H. Kenneth Schroeder, Jr._
                                         H. KENNETH SCHROEDER, JR.
                                         United States Magistrate Judge